FILED

2009 JUL 22  AM 11: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY _____

1  THOMAS P. O'BRIEN
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ROGER E. WEST
4  Assistant United States Attorney
   First Assistant Chief, Civil Division
5  California Bar No. 58609
        Room 4354, Federal Building
6       300 North Los Angeles Street
        Los Angeles, California 90012
7       Telephone: (213) 894-2461
        Fax:       (213) 894-7819
8       E-mail: roger.west4@usdoj.gov

9  Attorneys for United States of America

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14
   IN RE                          )   CV MISC. NO. 2:09-MC-213
15                                )
   LETTERS ROGATORY FROM          )
16                                )   APPLICATION FOR ORDER
   THE DISTRICT COURT OF          )
17                                )   (28 U.S.C. §1782)
   MEILEN, SWITZERLAND            )
18

19

20

21      The United States of America by the undersigned, Thomas P. O'Brien,

22 United States Attorney for the Central District of California, Leon W. Weidman,

23 Assistant United States Attorney, Chief, Civil Division, by Roger E. West,

24 Assistant United States Attorney, First Assistant Chief, petitions this Court for an

25 Order pursuant to §1782 of Title 28 of the United States Code, in the form

26 submitted, directing the taking of evidence from Professor John Bowlt who, it has

27 been determined, resides or can be found within the jurisdiction of this Court,

28 pursuant to the terms and conditions set forth in the Letters Rogatory issued by the

   above-entitled court in Meilen, Switzerland, pertinent to the Swiss proceeding,

1 | Felix Chudnovsky v. Werner Merzbacher, case number CG040012/En.

2 | Attached as Exhibit 1 is a copy of the Letters Rogatory from the Swiss court which relates to a dispute over the ownership of a painting. The questions to be posed to Professor Bowlt appear on pages 7 through 8 of this Application. Pursuant to the instructions of the Swiss court, notice will be given to the Swiss court and parties' counsel of the date, time and place of the taking of evidence. [Application page 7] Also in accordance with the Swiss court's instructions, Professor Bowlt will be given a copy of the Zurich Code of Civil Procedure §§ 158 - 160a, which deals with the right to refuse to give evidence; and Professor Bowlt will be advised of the penalties under Swiss law for giving false statements. [Application pages 7, 10-12]

The only restrictions explicitly stated in 28 U.S.C. § 1782 are: (1) that the request be made by a foreign or international tribunal or any interested person; (2) that the testimony or material requested be for use in a proceeding in a foreign or international tribunal; and (3) that the person or entity from whom the discovery is sought is a resident of or can be found in the district where the application is filed. See In re Request for Judicial Assistance from the Seoul District Criminal Court, Seoul, Korea, 555 F.2d 720, 723 (9th Cir. 1977); United States v. Sealed 1, Letter of request for Legal Assistance from the Deputy Prosecutor General of the Russian Federation, 235 F.3d 1200, 1205 (9th Cir. 2000) (citing Korea at 555 F.2d at 723 that, "Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal"); In re Bayer AG, 146 F.3d 188, 192 (3d Cir. 1998).

All these three requirements are met in this case. First, the request was made by the District Court of Meilen, Switzerland, which is a foreign tribunal. Second, there is a proceeding in that court entitled, Felix Chudnovsky v. Werner Merzbacher, case number CG040012/En, and the information being sought is for

use in that proceeding by that court. Finally, it has been determined that Professor John Bowlt resides or can be found within the jurisdiction of this Court.

Therefore, the United States respectfully requests the Court to sign the Order, being lodged under separate cover, in order to permit the taking of evidence from Professor John Bowlt.

DATED: This 21th day of July, 2009.

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

ROGER E. WEST
Assistant United States Attorney
First Assistant Chief
Civil Division

Attorneys for
United States of America

apl.09 Bowlt

# EXHIBIT 1: LETTERS ROGATORY

# District Court of Meilen



---

Chamber
Letter post: P.O. box 881, CH-8706 Meilen
Parcel address: Untere Bruech 139, CH-8706 Meilen
Phone +41 44 924 21 21

BGA/CG040012

To the
competent court
Los Angeles, CA
USA

Obergericht Zürich
Internationale Rechtshilfe
(Bitte Ref.Nr. immer angeben)

**WR 0 8 1 5 7 1**

---

Case No.: CG040012/En         Meilen, 24. Okt. 2008

**Letters rogatory**

Dear presiding judge,
Ladies and Gentlemen:

In the matter

Felix **Chudnovsky**, Prof. Dr., 47 Zhukovskogo St. Apt. 22, 191014 St. Petersburg, Russia,

**Claimant**

represented by Dr. iur. Peter Mosimann, Wenger Plattner, Aeschenvorstadt 55, P.O. Box, 4010 Basel, Switzerland

versus

Werner **Merzbacher**, born June 11, 1928, of Kilchberg ZH, businessman, Bergstr. 22, 8700 Küsnacht, Switzerland

**Respondent**

represented by attorney-at-law lic. iur. Alexander Jolles, Schellenberg Wittmer, Löwenstr. 19, P.O. Box 6333, 8023 Zürich, Switzerland

- 2 -

concerning **pretended title**

we ask for your judicial assistance in the context of an examination of a witness.

At the district court of Meilen (Switzerland), an action is pending in which the claimant demands that the respondent hand over the painting "Footman with Samovar" by Kasimir Malevich to his unencumbered ownership.

The issue between the parties is basically whether the claimant's predecessor in title, his father, and later on the claimant himself, ever were personally owners of the painting and whether the painting was, indeed, stolen by robbers from the claimant's parents' apartment on August 1, 1978. A further disputed aspect is whether the respondent was acting in good faith when he purchased the painting in 1989 and, consequently, is currently its rightful owner.

We therefore ask you kindly to submit the questions below to the witness for his truthful replies:

**Witness No. 18   Prof. John Bowlt**
**University of Southern California**
**Department of Slavic Languages and Literature**
**Taper Hall of the Humanities 255**
**Los Angeles, CA 90089**

### Introductory remarks:

For the witness's deposition to be of use in the trial before this court, we kindly ask you to point out the following items to the witness at the beginning of the hearing and then to question him:

- Please record the exact personal data of the witness (first name, last name, date of birth, place of citizenship, profession, domicile).

- 3 -

- Please point out to the witness that he has the right to refuse to testify in accordance with the enclosed excerpt of the Zurich Code of Civil Procedure (ZPO) if one of the conditions mentioned in §§ 158 - 160a ZPO is met.

- Please admonish the witness to tell the truth and make him aware of the impending punishment of false evidence in accordance with your legal system. Please also point out to the witness that, in Switzerland, a knowingly false witness statement may be punished by a sentence of imprisonment of up to five years or by a pecuniary punishment in accordance with Art. 307 of the Swiss Federal Criminal Code.

- If the presence of the parties or their representatives at the witness hearing is admissible under your legal system, we ask that you kindly inform us in writing of the place and the time of the hearing in advance and as soon as possible, so that we may inform the parties thereof. Please grant the opportunity to ask additional questions to the attorneys of the parties who may possibly attend. The absence of the parties, however, is no hindrance to carrying out the questioning of the witness since the parties are at liberty to attend or not.

### Questions for the witness:

1. Do you know the claimant?
   If you do:
   - Where did you meet him?
   - Are you related to him by blood, an in-law, are you friends or on hostile terms with him?
   - Have you talked to him about the current case?
     If you did:
     - When did you talk to him about it?
     - What was the subject of your conversation?

- 4 -

2. Do you know the respondent?
   If you do:
   - Where did you meet him?
   - Are you related to him by blood, an in-law, are you friends or on hostile terms with him?
   - Have you talked to him about the current case?
     If you did:
     - When did you talk to him about it?
     - What was the subject of your conversation?

3. Has someone else than the claimant or the respondent talked with you about the present case, especially an attorney?
   In the affirmative:
   - Who spoke to you and when?
   - What was the subject of your conversation?

(Please point out to the witness, before asking the questions hereinafter, that the following is about the painting "Footman with Samovar" by Kasimir Malevich.)

4. Is it correct that inquiries concerning the provenance of the painting "Footman with Samovar" by the respondent with Ingrid Hutton, Simon de Pury, George Costakis or other Malevich experts such as you, Charlotte Douglas, and Dr. Alexandra Shatskikh, would have brought the theft of the painting to light?
   If so: To what extent?

5. Is it true that the theft of the painting "Footman with Samovar" was evident from a publicly accessible source prior to its acquisition by the respondent?
   In the affirmative: From which one exactly?

6. Do you wish to add any other pertinent observations?

- 5 -

**Concluding remarks:**

We kindly ask you to let us have the minutes of the hearing of the witness in triplicate.

Thank you very much in advance for your efforts.

                                      With best regards,

                         DISTRICT COURT OF MEILEN

The presiding judge:    The juridical secretary:

lic. iur. J. Meier            lic. iur. Ch. Exner

**enclosures:**
- Excerpt from the Zurich Code of Civil Procedure (ZPO), §§ 157 - 160a
- Excerpt from the Swiss Federal Criminal Code (StGB), Art. 307 and 308

**271**                                                                 Zurich Code of Civil Procedure (ZPO)

### C. Testimony

Capability of and obligation to give evidence

§ 157. [1] Anyone is capable of and obliged to bear evidence unless this Act provides otherwise.
[2] If a legal entity is a party, its officers may be heard as witnesses.
[3] The Court decides at its own discretion to what extent persons below the age of 18 years are able, and obliged, to give evidence.

Privilege of witnesses
a. For all statements

§ 158.[52] The following may refuse to bear evidence:
1. Blood relatives and in-laws of both parties in a straight line and to the second degree in the side lines; the same applies to step, partnership, and adoption relationships or a similar, fostering relationship;

2. The spouse or the registered partner (significant other), female or male, of one of the parties;

2.a the divorced spouse or the former partner of one of the parties after the registered partnership has been terminated, provided the evidence relates to the period prior to the divorce or termination of the partnership;

3. the person who has been living with one of the parties for at least one year in a common law marriage in a joint household; in case the joint household has been terminated, provided the evidence refers to the time prior to its termination;

4. the tutor or legal advisor of one of the parties.

b. for particular statements

§ 159. Furthermore, the following may be refused:

1. Statements that would cause shame or an immediate disadvantage to the witness or to the persons named in § 158 items 1 and 2 above;

2. Statements on official secrets as long as the competent authority has not authorized the witness to make a deposition. The witness will obtain the corresponding decision; the petition may also be filed by the Court. The competent authority will weigh the public interest and that of private stakeholders in maintaining the secret against the interest of finding the truth in the proceedings; it may hear the private parties involved before making its decision.

3.[49] Statements on facts which have been entrusted to the witness in his/her capacity as a minister, physician, attorney, or as their assistant, or which he/she has learned in this position. The witness shall also be allowed to refuse to testify if he/she is released from his/her obligation to keep it confidential.

§ 160. [1] For other professions which are tied to an obligation of confidentiality or which presuppose a special relationship of trust, the court may dispense with the witness's deposition if protective measures pursuant to § 145 are insufficient and when the witness's interest in keeping the secret outweighs the demonstrating party's interest in disclosure.

[2] This will apply analogously to manufacturing and business secrets.

*c. Protection of secrecy in general[39]*

§ 160a.[38] Whosoever has been active on behalf of the spouses at a marriage counseling or family counseling or family mediation office cannot act as a witness, nor give any oral or written information (Art. 139, par. 3 ZGB[8]).

*d. Protection of secrecy in matrimonial matters*

Swiss Federal Criminal Code
(StGB)

### Art. 307

False testimony,
false expert
opinion,
false translation

[1] Whosoever makes a false statement in a court procedure, as a witness, expert, translator or interpreter, on the matter at hand, who issues a false finding or a false expertise, or who interprets/translates mistakenly, shall be punished by up to five years in jail or a pecuniary punishment.

[2] If the statement, the finding, the expertise or the translation are confirmed by an oath or a vow by handshake, the sentence shall be imprisonment of up to five years or a pecuniary punishment of not less than 180 daily rates.

[3] If the false statement refers to facts that are immaterial for the judicial decision, the sentence shall be a pecuniary punishment of up to 180 daily rates.

### Art. 308

Mitigation of
sentence

[1] If the offender rectifies his/her false accusations (Art. 303), his/her false denunciation (Art. 304) or declaration (Art. 306 and 307) of his/her own volition and before any legal prejudice has ensued for someone else, the judge may mitigate the punishment (Art. 48a) or desist from applying a punishment.

[2] If the offender has made a false statement (Art. 306 and 307) because he/she would expose him/herself or his/her relatives to the risk of criminal prosecution, the judge may mitigate the punishment (Art. 48a).

# Bezirksgericht Meilen



Abteilung
Briefadresse: Postfach 881, 8706 Meilen
Paketadresse: Untere Bruech 139, 8706 Meilen
Telefon 044 924 21 21

BGA/CG040012

Obergericht des Kantons Zürich
Internationale Rechtshilfe
Hirschengraben 15
Postfach
8021 Zürich

Obergericht Zürich
Internationale Rechtshilfe
(Bitte Ref.Nr. immer angeben)

**WR 0 8 1 5 7 1**

Geschäfts-Nr.: CG040012/En          Meilen, 24. Oktober 2008
(Bitte in Antwort wiederholen)

**Rechtshilfeersuchen**

in Sachen

Felix **Chudnovsky**, Prof. Dr., 47 Zhukovskogo St. Apt. 22, 191014 St. Petersburg, Russland,

Kläger

vertreten durch Dr. iur. Peter Mosimann, Wenger Plattner, Aeschenvorstadt 55, Postfach, 4010 Basel

gegen

Werner **Merzbacher**, geboren 11. Juni 1928, von Kilchberg ZH, Kaufmann, Bergstr. 22, 8700 Küsnacht,

Beklagter

vertreten durch Rechtsanwalt lic. iur. Alexander Jolles, Schellenberg Wittmer, Löwenstr. 19, Postfach 1876, 8021 Zürich

- 2 -

betreffend **Herausgabeanspruch**

ersuchen wir Sie, das internationale Rechtshilfegesuch betreffend den Zeugen Nr. 18, Prof. John Bowlt, ausgestellt am 24. Oktober 2008, auf dem offiziellen Weg an die zuständigen Behörden in den Vereinigten Staaten von Amerika weiterzuleiten.

**Empfänger**

To the
competent court
Los Angeles, CA
USA

**Urkunden**

- Questionnaire
- Excerpt from the Zurich Code of Civil Procedure (ZPO)
- Excerpt from the Swiss Federal Criminal Code (StGB)

Mit freundlichen Grüssen

BEZIRKSGERICHT MEILEN
Der jur. Sekretär:

lic. iur. Ch. Exner

**Beilagen:**
Die genannten Urkunden in Deutsch (einfach) und Englisch (im Doppel)